# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY VARTANIAN, an individual,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>BAY AREA CREDIT SERVICE, LLC,<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 10 CV 0956 MMA (BGS)<br><br>**ORDER DENYING MOTION TO REOPEN CASE**<br><br>[Doc. No. 19] |

On February 18, 2011, Plaintiff Gregory Vartanian filed a motion requesting the Court to vacate its order granting the parties' joint motion to dismiss the above-captioned action with prejudice [Doc. No. 18], and order the case reopened to allow further litigation because Defendant Bay Area Credit Service, LLC refuses to comply with the terms of the settlement [Doc. No. 19]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to reopen this case.

On November 19, 2010, the parties filed a joint motion pursuant to Federal Rule of Civil Procedure 41(a)(1) requesting the Court to dismiss the above-captioned action with prejudice. [Doc. No. 16.] Importantly, the joint motion did not indicate the parties had reached a settlement, nor did it request the Court to retain jurisdiction to enforce the terms of a settlement. [*Id.*] Accordingly, the Court's order granting the parties' joint motion to dismiss did not indicate the Court would retain jurisdiction over the action after the dismissal was entered. [*See* Doc. No. 18.]

/ / /

- 1 -　　　　　　　　　　　　　　　　　　10cv956

The United States Supreme Court has held,

> Even when . . . the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

Because this Court's order of dismissal did not explicitly retain jurisdiction, nor incorporate the terms of the settlement agreement (which was not mentioned in the parties' joint motion), the Court lacks jurisdiction to now enforce the terms of the settlement. *Sea Hawk Seafoods, Inc. v. Alaska*, 439 F.3d 545, 549 (9th Cir. 2006) (citing *Kokkonen*, 511 U.S. at 382). The Court therefore **DENIES** Plaintiff's motion to reopen the case.

**IT IS SO ORDERED.**

DATED: February 18, 2011

Hon. Michael M. Anello
United States District Judge